**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID KIRCHER and
MARTINA GLOSTER,

                                                    CASE NO. 05-73425

      Plaintiffs,                         HON. LAWRENCE P. ZATKOFF

v.

CITY OF YPSILANTI, CHARLES BOULARD,
JOHN ICHESCO, OFFICER DORSEY,
JOHN DOE police officer, and ED KORYZNO,
individually and in their official capacity,

      Defendants.

_____/


**ORDER GRANTING DEFENDANT ICHESCO'S MOTION FOR SUMMARY
JUDGMENT**

**I.  INTRODUCTION**

This matter is before the Court on Defendant John Ichesco's Motion for Summary Judgment. Plaintiffs have responded to this motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the following reasons Defendant's motion will be GRANTED.

**II.  BACKGROUND**

Defendant has moved to dismiss Plaintiffs' claim pursuant to FED. R. CIV. PRO. 12(b)(2), 12(b)(5), and 56(c). Defendant asserts that he has not been properly served according to FED. R. CIV. PRO. 4(e). Plaintiffs are proceeding *pro se.* It should be noted that this issue has been presented to

the Court previously. On October 12, 2005, Defendants filed a Motion to Quash Service of Process and to Dismiss. *See* Docket # 3. In an order issued May 4, 2006, the Court granted both motions and entered a Judgment in the case because it found that Plaintiffs had failed to properly serve Defendants with process. *See* Docket # 15, 16. However, the Court set aside its Judgment on June 29, 2006, finding that Plaintiffs properly re-served Defendants. *See* Docket # 24. Defendant Ichesco is now challenging that service and further asserts that Plaintiffs' claim against him is barred by the applicable statute of limitations.

### III.  ANALYSIS

**A.  Service of Process on Defendant Ichesco**

Rule 4 of the Federal Rules of Civil Procedure provides the proper manner for serving process on a defendant. In this case the defendant is an individual and service is governed by FED. R. CIV. PRO. 4(e). Where the person to be served is an individual, service may be effected by (1) personally serving the individual with the summons and complaint, by leaving the summons and complaint at the individual's dwelling house or usual place of abode with someone of suitable age and discretion residing there, or by delivering a copy to an agent authorized by appointment or by law to receive service of process; or (2) pursuant to the law of the state in which the court is located or in which service is effected. *See* FED. R. CIV. PRO. 4(e). In this case, Michigan law provides that service may be effected by personal service on the individual or by sending the summons and complaint by registered mail, return receipt requested. *See* M.C.R. 2.105.

Plaintiffs have not properly served Defendant Ichesco. The Return of Service for Defendant states that the process server left the summons and complaint with Fireman Davis at the Ypsilanti Fire Department after failing to serve Defendant at his residence. Plaintiffs have failed to serve

Defendant pursuant to the Michigan procedure because they neither personally served a copy of the complaint and summons on Defendant's person, nor did they send the complaint and summons by registered mail, return receipt requested. Plaintiffs have also failed to comply with FED. R. CIV. PRO. 4(e)(2) because, again, they did not personally serve Defendant, did not leave the complaint and summons at Defendant's dwelling house with someone of suitable age and discretion, and did not deliver a copy to an authorized agent of Defendant. For the purposes of Rule 4(e)(2), an individual's place of employment does not constitute his place of abode. *See* 4A WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1096 (citing cases). Furthermore, according to Ypsilanti procedures, firefighters are not authorized to accept service of process on behalf of other firefighters. *See* Affidavit of James D. Roberts. Finally, where service is not properly obtained, the defendant's actual knowledge of the suit will not cure defective service. *See LSJ Inv. Co. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999). Therefore, service was not proper with respect to Defendant Ichesco.

Under FED. R. CIV. PRO. 4(m), Plaintiffs had 120 days from the filing of the complaint in which to serve Defendant. *See* FED. R. CIV. PRO. 4(m). Absent a showing of good cause as to why service was not properly achieved in a timely fashion, the district court, upon motion or sua sponte after giving notice, must dismiss the suit as to all unserved parties. *See Habib v. General Motors Corp.*, 15 F.3d 72,73 (6th Cir 1994). Plaintiffs bear the burden of demonstrating good cause, including a demonstration of why service was not made within the time constraints of Rule 4(m). *See id.* at 73. In the present case, Plaintiffs' most recent summons expired on February 18, 2006. The Court finds that Plaintiffs have not demonstrated good cause for their failure to properly serve Defendant Ichesco. In light of Plaintiffs' repeated failures to comply with the rules of procedure and their failure to respond to the Court's Order to Show Cause, the Court will not extend or issue a new

summons. Thus, the Court must dismiss Plaintiffs' claims as to Defendant Ichesco.

**B. Statute of Limitations**

Finally, Defendant argues that he is entitled to summary judgment pursuant to FED. R. CIV. PRO. 56(c) because the statute of limitations for Plaintiffs' claim against Defendant Ichesco has run. The Court agrees. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PRO. 56(c). *See also Turner v. City of Taylor*, 412 F.3d 629, 637 (6th Cir. 2005).

For purposes of the Reconstruction Civil Rights Act, 42 U.S.C. § 1983 *et seq.*, state statutes of limitations and tolling principles apply to determine the timeliness of the claims asserted under the Act. *See* 42 U.S.C. § 1988; *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). In this case, Michigan's three-year personal injury statute, MICH. COMP. LAWS § 600.5805(10), is applicable. *See McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). Michigan's tolling statute, MICH. COMP. LAWS § 600.5856, likewise applies. *See id.* at 905.

As provided in § 600.5856, the statute of limitations is tolled (1) at the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules or (2) at the time jurisdiction over the defendant is otherwise acquired. *See* MICH. COMP. LAWS § 600.5856. Since jurisdiction over Defendant has not been acquired in this case, only the first option is relevant. Plaintiffs' claim accrued on September 5, 2002, and they filed their complaint on September 6, 2005.[1] According to the tolling statute, Plaintiffs' claim would have

---

[1] Plaintiffs' complaint was timely because September 5, 2005, was a legal holiday.

4

been timely with respect to Defendant Ichesco if they served a copy of the summons and complaint on him within the 120 day time limit provided in FED. R. CIV. PRO. 4(m). Having not served Defendant within the required time period, Plaintiffs failed to comply with the applicable statute of limitations. Plaintiffs do not dispute these facts. Accordingly, Plaintiffs' claim is barred by the three-year statute of limitations and Defendant is entitled to summary judgment pursuant to FED. R. CIV. PRO. 56(c).

### IV. CONCLUSION

Therefore, IT IS ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' claim with respect to Defendant John Ichesco is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

                                                s/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated:  October 4, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 4, 2006.

                                                s/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290